UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN J. ROOKS, *et al.*,   )<br>  )<br>     Plaintiffs,   )<br>  )<br>  v.   )<br>  )<br>BIBB COUNTY   )<br>SUPERIOR COURT, *et al.*,   )<br>  )<br>  )<br>     Defendants.   ) | Civil Action No. 1:23-cv-02069 (UNA) |

## **MEMORANDUM OPINION**

This matter is before the Court on its initial review of the "*pro se* motion for void judgment," ECF No. 1, filed by plaintiffs Jonathan Rooks and Princess Ford, as well as Rooks's application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.

Plaintiffs are state prisoners in the custody of the Georgia Department of Corrections. At the outset, the Court notes that only plaintiff Rooks has filed an IFP application, which will be granted. Ford has neither filed an IFP application nor submitted the applicable filing fee, therefore she cannot proceed in this case.

Even if she could, plaintiffs have attempted to open a civil matter without actually filing a complaint, which they may not do. *See* Fed. R. Civ. P. 3; *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (noting that a civil action "must be initiated by complaint[.]") (citing Fed. R. Civ. P. 3); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("A party commences a civil action by filing a complaint. . . [and] [w]hen no complaint is filed, the court lacks jurisdiction[.]") (citing Fed. R. Civ. P. 3). And plaintiffs face yet additional hurdles that they cannot overcome.

Plaintiffs, who were convicted in Bibb Georgia Superior Court, ask this Court to declare those convictions null and void under "rule 74.06," expunge their records, and release them from custody. This Court, however, has no jurisdiction to do that.

First, neither the Federal Rules of Civil Procedure, nor the D.C. Local Civil Rules, contain a "rule 74.06." Second, plaintiffs' recourse in federal court, if any, falls under the auspices of habeas corpus, but federal court review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [plaintiff] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). So, if and when plaintiffs have exhausted their state remedies, they must seek relief in the United States District Court for the Middle District of Georgia.

For these reasons, the Court will dismiss this matter without prejudice. A separate order accompanies this memorandum opinion.

Date: 7/27/2023

TREVOR N. McFADDEN
United States District Judge